JMK:JAM/EBP
F. #2014R01551

FILED
CLERK

2014 OCT -8 PM 1: 05

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

NAFEESAH HINES,
RODNEY CHESTNUT and
CLIVE HENRY,

            Defendants.

- - - - - - - - - - - - - - - - X

INDICTMENT

CR 14        545

(T. 18, U.S.C., §§ 371, 2 and 3551 et seq.;
T. 26, U.S.C., §§ 7206(1) and 7206(2))

VITALIANO, J.

LEVY, M.J.

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.    The Defendants

    1.    The defendant NAFEESAH HINES, a resident of Jamaica, New York,
worked at the U.S. Food and Drug Administration.  HINES established an entity known as
Clear Vision Financial Solutions that she used for financial transactions related to the
fraudulent scheme set forth below.

    2.    The defendant RODNEY CHESTNUT, a resident of Middle Island,
New York, was a retired New York City Department of Correction officer.

    3.    The defendant CLIVE HENRY, a resident of Jamaica, New York, was
previously employed by the Internal Revenue Service ("IRS") and was in the business of
preparing tax returns.

1

II.   IRS Form 1099-OID Reporting Requirements

      4.    The IRS, an agency within the U.S. Department of Treasury, was responsible for administering and enforcing federal revenue laws and regulations regarding the ascertainment, computation, assessment and collection of taxes owed to the United States.

      5.    IRS Form 1099-OID is an information return that is used to report to the IRS Original Issue Discount ("OID") income received by a taxpayer. OID income is the excess of the stated redemption price of a financial obligation, such as a bond, at maturity over its issue price. Forms 1099-OID also report any federal income taxes withheld from the OID income. Forms 1099-OID are typically issued by financial institutions.

      6.    Forms 1099-OID can be filed electronically with the IRS by means of the IRS Filing Information Returns Electronically ("FIRE") system. In order to use the FIRE system, a filer must obtain a five-character alpha/numeric Transmitter Control Code ("TCC") from the IRS. TCCs are used to identify the transmitters of the Forms 1099-OID.

III.   The Fraudulent Scheme

      7.    In or about and between April 2008 and July 2012, the defendants NAFEESAH HINES, RODNEY CHESTNUT and CLIVE HENRY, together with others, devised and engaged in a scheme whereby they agreed to and did defraud the United States by (a) preparing and filing false Forms 1099-OID and income tax returns for themselves and others to obtain tax refunds based on fictitious withholdings listed on the false Forms 1099-OID, and (b) providing each other and their clients with false and obstructive correspondence to send to the IRS, all in an effort to impede, impair, obstruct and defeat the lawful

governmental functions of the IRS in the ascertainment, computation, assessment and collection of revenue, specifically federal income taxes (hereinafter, the "OID Scheme").

8.      As part of the OID Scheme, the defendants NAFEESAH HINES, RODNEY CHESTNUT and CLIVE HENRY recruited clients. The defendants then instructed their clients to supply information about the debts owed by the clients to various financial institutions. Upon receipt of this information, HINES and others created fake Forms 1099-OID listing as purported payers the financial institutions to whom the defendants and their clients owed money. The Forms 1099-OID falsely reported that these financial institutions had paid OID income to the clients and had withheld large sums in federal income taxes on behalf of those clients.

9.      In reality, the Forms 1099-OID were wholly false. They were not issued by the clients' creditors, but instead were manufactured by the defendant NAFEESAH HINES and others. HINES and others then used the IRS FIRE system to electronically transmit the false Form 1099-OID information to the IRS.

10.     The defendants NAFEESAH HINES, RODNEY CHESTNUT and CLIVE HENRY and their clients then filed false tax returns claiming refunds based on the false Forms 1099-OID. These tax returns falsely reported OID income and falsely claimed as tax withholdings the amounts listed as "federal income tax withheld" on the fake Forms 1099-OID.

11.     As a result of filing these false and fraudulent income tax returns, the defendants NAFEESAH HINES, RODNEY CHESTNUT and CLIVE HENRY caused the IRS to issue fraudulently obtained tax refunds to themselves and to their clients.

12. When clients received refunds through the OID Scheme, the defendants NAFEESAH HINES, RODNEY CHESTNUT and CLIVE HENRY collected fees based on a percentage of those refunds. HINES, CHESTNUT, HENRY and others shared the proceeds of the OID Scheme.

13. When the IRS sent letters to clients warning them about their frivolous tax filings, the defendants NAFEESAH HINES, RODNEY CHESTNUT and CLIVE HENRY supplied clients with correspondence containing false and frivolous claims to send to the IRS in response.

<u>COUNT ONE</u>
(Conspiracy to Defraud the United States)

14. The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth herein.

15. From on or about and between April 1, 2008 and July 20, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants NAFEESAH HINES, RODNEY CHESTNUT and CLIVE HENRY did knowingly and willfully conspire to defraud the United States for the purpose of impeding, impairing, obstructing and defeating the lawful government functions of the IRS in the ascertainment, computation, assessment and collection of revenue, specifically, causing (a) the preparation of false Forms 1099-OID, and (b) the filing of false claims for tax refunds with the IRS.

16. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants NAFEESAH HINES, RODNEY

4

CHESTNUT and CLIVE HENRY together with others, committed and caused to be committed, among others, the following:

OVERT ACTS

       a.     In the summer of 2008, CHESTNUT and HINES organized and held a meeting at a home in Queens, New York to recruit clients for the OID Scheme.

       b.     On or about October 30, 2008, HINES sent a fake money order to the IRS in purported payment of a civil penalty she was assessed based on the filing of an OID tax return in connection with the OID Scheme.

       c.     On or about November 20, 2008, HINES sent an email to Client #1, an individual whose identity is known to the Grand Jury, soliciting banking and loan information.

       d.     On or about January 2, 2009, HINES sent an email to CHESTNUT and several clients asking them to compile their banking and tax information.

       e.     On or about January 21, 2009, HINES sent an email to Client #1 estimating a tax refund amount.

       f.     On or about February 11, 2009, HINES sent an email to Client #1 and Client #2, an individual whose identity is known to the Grand Jury, stating, "I wanted to make sure that you actually got your refunds, as opposed to a Frivolous Filing letter.  We believe we have all the pieces in place now so that there will be nothing but checks!"

       g.     On or about February 28, 2009, HINES sent an email to clients advising them that she was changing her email address for "OID issues" and recommending a tax preparer.

5

h.      In and around February 2009, HINES gained access to the IRS FIRE System.

i.      On or about March 3, 2009, HINES caused Form 1099-OID information to be transmitted to the IRS by means of the FIRE system on the behalf of Client #3, an individual whose identity is known to the Grand Jury.

j.      On or about March 5, 2009, HINES sent an email to various clients stating "I am very happy to report that most of you can file your taxes between March 16 and March 19, for an expected refund date of March 27" and instructing them to contact HINES or CHESTNUT for additional information.

k.      On or about March 19, 2009, HINES applied to the IRS for a TCC for use with the FIRE System under the entity name CRTU LLC.

l.      On or about and between March 23, 2009 and March 24, 2009, HINES caused Form 1099-OID information to be transmitted to the IRS using the IRS FIRE system.

m.      On or about April 3, 2009, HINES sent an email to Client #1 that attached an amended tax return claiming a refund.

n.      On or about April 20, 2009, HINES sent an email to clients with the subject line "When calling the IRS."  In that email, HINES instructed the clients as follows: "And remember, although we shared the information with you, your return was self-prepared (unless a preparer signed your return).  So, if the IRS asks you who prepared your paperwork (or asks to speak to the person who prepared your paperwork), YOU DID!"

o.      On or about April 27, 2009, HINES deposited a bank check in the approximate amount of $8,530 into a bank account she controlled.

p.      On or about May 1, 2009, CHESTNUT deposited a bank check in the approximate amount of $22,552 into his bank account.

q.      On or about May 4, 2009, CHESTNUT deposited a bank check in the approximate amount of $12,434 into his bank account.

r.      On or about May 4, 2009, CHESTNUT wrote a check to Clear Vision Financial Solutions in the approximate amount of $17,494. The memo section of the check referenced the initials of Client #4 and Client #5, individuals whose identities are known to the Grand Jury.

s.      On or about May 4, 2009, HINES deposited a check from CHESTNUT into her Clear Vision Financial Solutions bank account.

t.      On or about May 5, 2009, CHESTNUT wrote to the IRS requesting that his account be "credited" with $293,355 for federal income taxes that were never actually withheld or paid to the IRS.

u.      On or about May 25, 2009, HINES sent an email to clients asking them to scan and email her or CHESTNUT any letters they received from the IRS. HINES instructed the clients as follows:

> This is especially important if you get a Frivolous Filing letter; we must get responses out within a certain timeframe for those, so let us know immediately of [sic] you get one. If you receive any type of letter from the IRS stating that you owe anything (a Frivolous Filing penalty, or some ridiculous sum of money greater than your expected refund) also let us know right away. We have stuff for you! ! ! If you have not yet received anything from the IRS, just keep these requests in mind in case you do receive anything. Thanks everyone, and we expect checks to be delivered within the coming weeks, and the resolution to the IRS' extortion tactics as well.

v.    On or about July 8, 2009, HENRY signed an Amended U.S. Individual Income Tax Return, Form 1040X, for the 2006 tax year for Client #6 and Client #7, individuals whose identities are known to the Grand Jury, that requested a refund of $133,300.

w.    On or about July 27, 2009, HINES sent an email to Client #1 explaining that Client #1 should pay HINES 20% of his expected tax refund.

x.    On or about August 21, 2009, HINES sent another email to Client #1 requesting payment from him for tax preparation services.

y.    On or about August 24, 2009, HENRY signed an Amended U.S. Individual Income Tax Return, Form 1040X, for the 2008 tax year for Client #8 and Client #9, individuals whose identities are known to the Grand Jury, requesting a refund of $19,115.

z.    In the Fall of 2009, HENRY recruited additional clients to the OID Scheme.

aa.    On or about September 4, 2009, HINES deposited a check from Client #1 in the approximate amount of $4,218, representing fees related to the OID Scheme.

bb.    On or about September 14, 2009, CHESTNUT deposited a check in the amount of $2,109 drawn on the bank account of Clear Vision Financial Solutions in an amount equal to approximately half of what HINES received from Client #1.

cc.    On or about October 13, 2009, HINES caused false Form 1099-OID information to be transmitted to the IRS by means of the IRS FIRE system on behalf of Client #10, an individual whose identity is known to the Grand Jury, who had been recruited by HENRY. The transmission reported that Client #10 had a large amount of federal income tax withheld by a finance company and a bank when in fact there were no such withholdings.

dd.    On or about October 17, 2009, HENRY caused a false U.S. Individual Income Tax Return, Form 1040, to be prepared for Client #11, whose identity is known to the Grand Jury, that requested a tax refund of approximately $62,828.

ee.    On or about December 10, 2009, HENRY deposited a check in the approximate amount of $5,000 into his bank account. The check was made payable to HENRY by Client #10 for fees related to the OID Scheme.

ff.    On or about December 15, 2009, HINES deposited a bank check in the approximate amount of $6,365 into her Clear Vision Financial Solutions bank account. The check was made payable to HINES by Client #10 for fees related to the OID Scheme.

gg.    On or about December 15, 2009, HINES transferred approximately $3,197 from her Clear Vision Financial Solutions bank account to CHESTNUT'S bank account, constituting half of the fees paid by Client #10.

hh.    On or about December 31, 2009, CHESTNUT supplied Client #12 with a document to send to the U.S. Department of the Treasury accusing IRS employees of committing felonies.

ii.    On or about January 10, 2010, HINES emailed Client #13, an individual whose identity is known to the Grand Jury, a document to be faxed to the U.S. Department of Agriculture complaining that the "USDA is paying IRS to commit felonies."

jj.    On or about February 12, 2010, CHESTNUT deposited checks made payable to him by two clients and by HINES.

kk.    On or about March 8, 2010, CHESTNUT deposited a check from Client #14, an individual whose identity is known to the Grand Jury.

9

ll.    On or about April 20, 2010, CHESTNUT sent an email to Client #14 requesting bank account numbers in order to "add those years to your '09 return."

mm.    On or about August 26, 2010, HINES was interviewed by an IRS Special Agent and denied knowing who prepared tax returns for her clients.

nn.    On or about January 30, 2012, CHESTNUT emailed Client #15, an individual whose identity is known to the Grand Jury.  In response to Client #15's complaint about having to repay her refund to the IRS, CHESTNUT warned her that "the IRS now has informants."

oo.    On or about February 7, 2012, CHESTNUT emailed HINES and a client a document called "Terminating IRS 668 Notice of Lien."

pp.    On or about March 25, 2012, CHESTNUT prepared a check in the amount of $10,500.60 drawn on a closed bank account and made payable to the IRS for purported discharge of CHESTNUT and his spouse's tax debt.

qq.    On or about April 1, 2012, CHESTNUT prepared a check in the amount of $25,000 drawn on a closed bank account and made payable to the IRS for purported discharge of HINES's tax debt.

rr.    On or about the following dates, the defendants NAFEESAH HINES, RODNEY CHESTNUT and CLIVE HENRY, together with others, caused U.S. Individual Income Tax Returns and Amended U.S. Individual Income Tax Returns for the tax years listed below to be completed and filed with the IRS on behalf of themselves and others as listed below.  These returns claimed refunds in the amounts listed below:

10

| Paragraph | Taxpayer | Tax Year | Approximate Amount of False Claim for Refund | Signature Date |
|---|---|---|---|---|
| rr(1) | HINES | 2005 | $117,310 | March 31, 2008 |
| rr(2) | HINES | 2007 | $463,774 | March 14, 2008 |
| rr(3) | CHESTNUT | 2007 | $35,875 | August 11, 2008 |
| rr(4) | CHESTNUT | 2006 | $42,602 | August 11, 2008 |
| rr(5) | Client #16* | 2006 | $238,961 | September 4, 2008 |
| rr(6) | Client #17* | 2007 | $22,111 | September 24, 2008 |
| rr(7) | Client #18* | 2007 | $10,542 | October 15, 2008 |
| rr(8) | Client #17 | 2008 | $44,914 | March 18, 2009 |
| rr(9) | Client #19* | 2008 | $157,501 | April 3, 2009 |
| rr(10) | Client #20* | 2008 | $35,373 | April 5, 2009 |
| rr(11) | Client #5 | 2008 | $62,172 | April 5, 2009 |
| rr(12) | Client #21* | 2008 | $17,422 | March 30, 2009 |
| rr(13) | Client #2 | 2008 | $40,656 | April 2, 2009 |
| rr(14) | Client #3 | 2008 | $57,006 | April 2, 2009 |

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNTS TWO THROUGH TWELVE
(Assisting Preparation of False Returns)

21.    The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

22.    On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendants NAFEESAH HINES, RODNEY CHESTNUT and CLIVE HENRY did knowingly and willfully aid and assist in, and procure, counsel and advise the preparation and presentation under, and in connection with a matter arising under the internal revenue laws, of returns, claims and other documents, to wit: U.S. Individual Income Tax Returns, Forms 1040, and Amended Individual Income Tax Returns, Forms 1040X, for the taxpayers and calendar years set forth below, which were known by the

_____

*    Individuals whose identities are known to the Grand Jury.

11

defendants to be false and fraudulent as to one or more material matters in that the Forms

1040 and Forms 1040X claimed that the taxpayers were entitled to certain income tax

refunds in the amounts set forth below, whereas the defendants then and there well knew and

believed that said taxpayers were not entitled to the claimed income tax refunds:

| Count | Defendant | Tax Year | Tax Form | Taxpayer(s) | Approximate Amount of False Claim for Refund | Approximate Filing Date |
|---|---|---|---|---|---|---|
| 2 | HINES | 2007 | 1040 | Client #27* & Client #28* | $91,838 | 10/16/2008 |
| 3 | HINES | 2008 | 1040 | Client #13 | $234,893 | 04/02/2009 |
| 4 | HINES | 2005 | 1040X | Client #1 | $23,050 | 04/18/2009 |
| 5 | CHESTNUT | 2008 | 1040 | Client #4 | $112,764 | 04/04/2009 |
| 6 | CHESTNUT | 2008 | 1040A | Client #22* | $24,273 | 04/13/2009 |
| 7 | CHESTNUT | 2008 | 1040X | Client #15 | $1,521 | 04/02/2009 |
| 8 | CHESTNUT | 2008 | 1040 | Client #23* | $37,702 | 03/23/2009 |
| 9 | CHESTNUT | 2008 | 1040A | Client #24* | $26,202 | 04/22/2009 |
| 10 | HENRY | 2008 | 1040X | Client #10 | $47,943 | 10/28/2009 |
| 11 | HENRY | 2008 | 1040X | Client #25* | $26,295 | 11/09/2009 |
| 12 | HENRY | 2007 | 1040X | Client #26* | $40,104 | 10/29/2009 |

(Title 26, United States Code, Section 7206(2); Title 18, United States Code,

Sections 2 and 3551 et seq.)

## COUNTS THIRTEEN THROUGH EIGHTEEN
(Filing False Tax Returns)

23.    The allegations contained in paragraphs 1 through 13 are realleged and

incorporated as if fully set forth in this paragraph.

---

*    Individuals whose identities are known to the Grand Jury.

12

24.    On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendants NAFEESAH HINES, RODNEY CHESTNUT and CLIVE HENRY did knowingly and willfully make and subscribe U.S. Individual Income Tax Returns, Forms 1040, and Amended Individual Income Tax Returns, Forms 1040X, for the calendar years set forth below, which were verified by a written declaration that each was made under the penalties of perjury and which was filed with the IRS, which tax returns the defendants did not believe to be true and correct as to every material matter, in that the returns claimed income tax refunds in amounts set forth below, to which the defendants knew they were not entitled:

| Count | Defendant | Tax Year | Tax Form | Taxpayer | Approximate Amount of False Claim for Refund | Approximate Filing Date |
|-------|-----------|----------|----------|----------|----------------------------------------------|-------------------------|
| 13 | HINES | 2008 | 1040 | HINES | $58,361 | 03/18/2009 |
| 14 | CHESTNUT | 2005 | 1040X | CHESTNUT | $357,089 | 10/09/2008 |
| 15 | CHESTNUT | 2008 | 1040 | CHESTNUT | $193,040 | 03/16/2009 |
| 16 | HENRY | 2006 | 1040X | HENRY | $452,067 | 07/14/2009 |
| 17 | HENRY | 2007 | 1040X | HENRY | $304,866 | 11/03/2009 |
| 18 | HENRY | 2008 | 1040X | HENRY | $27,215 | 08/21/2009 |

(Title 26, United States Code, Section 7206(1); Title 18, United States Code, Sections 2 and 3551 et seq.)

<u>COUNT NINETEEN</u>
(Filing False Tax Returns)

25.    The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

26.    On or about September 18, 2010, within the Eastern District of New York, the defendant NAFEESAH HINES did knowingly and willfully make and subscribe a

13

U.S. Individual Income Tax Return, Form 1040, for the calendar year 2009, which was

verified by a written declaration that it was made under the penalties of perjury and which

was filed with the IRS, which she did not believe to be true and correct as to every material

matter, in that the Form 1040 reported total income in the amount of $100,868, whereas

HINES knew she had earned substantial income from the OID Scheme that she did not report

on her income tax return.

       (Title 26, United States Code, Section 7206(1); Title 18, United States Code,

Sections 2 and 3551 et seq.)

COUNT TWENTY
(Filing False Tax Returns)

       27.     The allegations contained in paragraphs 1 through 13 are realleged and

incorporated as if fully set forth in this paragraph.

       28.     On or about July 20, 2012, within the Eastern District of New York, the

defendant RODNEY CHESTNUT did knowingly and willfully make and subscribe a U.S.

Individual Income Tax Return, Form 1040, for the calendar year 2009, which was verified by

a written declaration that it was made under the penalties of perjury and which was filed with

the IRS, which he did not believe to be true and correct as to every material matter,  in that

the Form 1040 reported total income in the amount of $74,111, whereas CHESTNUT knew

14

he had earned substantial income from the OID Scheme that he did not report on his income

tax return.

      (Title 26, United States Code, Section 7206(1); Title 18, United States Code,

Sections 2 and 3551 et seq.)

A TRUE BILL

_Joseph A. Carrillo_
**FOREPERSON**

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

### EASTERN District of NEW YORK

### CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*Nafeesah Hines,*
*Rodney Chestnut and*
*Clive Henry,*

Defendants.

## INDICTMENT

(T. 18, U.S.C., §§ 371, 2 and 3551 et seq.;
T. 26, U.S.C. §§ 7206(1) and 7206(2))

*A true bill.*

_Joseph A. Carrillo_ _____
_Foreman_

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
*Clerk*

*Bail, $* _____

*Jeffrey A. McLellan, Mark Kotila and*
*Erin B. Pulice, U.S. Department of Justice Trial Attorneys (202)514-5150*